# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# JEFFERSON CITY DIVISION

| | | |
|---|---|---|
| David Moser and Richard Adams, Individually and On Behalf of All Similarly Situated Persons,<br>    Plaintiffs, | § | |
| V. | § | CIVIL ACTION NO. 2:24-cv-4058 |
| Club Car Wash Operating, LLC and Roland S. Bartels,<br>    Defendants. | § | JURY DEMANDED |

## PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT

### Summary of Lawsuit

Defendants Roland S. Bartels ("Bartels"), his company, Club Car Wash Operating, LLC ("Club Car Wash") and its subsidiary/affiliate companies (jointly "Defendants") have a business plan that includes hiring maintenance personnel, paying them on a salary basis, and misclassifying them as exempt employees even though they do not perform the job duties of an exempt employee. Defendants do this to avoid paying overtime compensation, saving Defendants money and allowing them to gain an unfair advantage over competitors who pay their employees correctly. Plaintiffs David Moser ("Moser") and Richard Adams ("Adams") (jointly "Plaintiffs") are two of numerous employees hired by Defendants as salaried maintenance technicians. Plaintiffs bring this lawsuit on their own behalf and on behalf of their former co-workers against Defendants to recover unpaid overtime that is required by the Fair Labor Standards Act ("FLSA").

**Facts Supporting Relief**

**Allegations Related to Plaintiffs and Their Co-Workers' Claims**

1. Club Car Wash is a company that operates 150 or more car wash locations across Arkansas, Colorado, Illinois, Iowa, Kansas, Missouri, Nebraska, Oklahoma, Tennessee, Texas, and Wisconsin. Club Car Wash hires salaried maintenance technicians to service the equipment and maintain the premises for locations it owns and/or operates. These maintenance personnel are paid on a salary basis, that is, they are paid the same amount of money for each week that they work, irrespective of the number of hours they work in a week. Club Car Wash requires its maintenance technicians to work more than 50 hours a week but, even though they are not exempt employees, does not pay them overtime pay for the hours they work over 40 in any workweek.

2. David Moser worked for Club Carwash as a salaried maintenance technician from July 3, 2023 until February 15, 2024. Moser's duties included repairing and maintaining the equipment and premises of several Club Car Wash locations in the Austin, Texas area.

3. During his time with Defendants, Moser was directed to and did regularly work more than 40 hours per week.

4. Richard Adams worked for Club Carwash as a salaried maintenance technician from the first half of 2022 until June 2023. Adams's duties also included repairing and maintaining the equipment and premises of several Club Car Wash locations in the Austin, Texas area.

5. During his time with Defendants, Adams was directed to and did regularly work more than 40 hours per week.

6. Plaintiffs worked with a number of other individuals who were paid on a salary basis and misclassified as exempt employees. These individuals were also maintenance technicians who also regularly worked over 40 hours per week, and they were also not paid overtime pay for hours they worked over 40 per workweek. Instead, the Defendants paid them a set salary for all hours they worked over 40 in a workweek.

7. According to the Club Car Wash "Leadership" page, Roland S. Bartels is the "Chief Executive Officer and Owner" of Club Car Wash. All Club Car Wash locations around the country are owned or held by separate limited liability companies of which Bartels is also the CEO and owner. Bartels is the individual who has the ultimate power to control the compensation policies of all employees of Club Car Wash. Bartels is the individual who has the power to control the work life and working time expectations and requirements of Club Car Wash employees. Bartels is personally involved in determining compensation practices and employee expectations, and is an "employer" under the FLSA with regard to the Plaintiffs and other employees of Club Car Wash.

8. Club Car Wash has been in business since 2006. Over the last 18 years, Club Car Wash has had every opportunity to ensure that it complies with the FLSA and has had the obligation to ensure that it complies with the law. In addition, one of Club Car Wash's CEOs, Ahmed Jafferally, has been sued at least three times for violations of the overtime requirements of the FLSA: (1) *Thompson v. Jafferally, et. al*; C.A. 4:09-cv-3720, *Bashir v. Cypress Station Car Wash, et. al.*; C.A. 4:10-cv-3289; and *Bramblett et. al. v. Sophia Car Wash Services, LP, et. al.*; C.A. 4:11-cv-3228; all pending in the United States District Court for the Southern District of Texas, Houston Division. Club Car Wash is certainly on notice of the existence and requirements of the FLSA.

## Allegations Regarding FLSA Coverage

9. Defendant Club Car Wash is a corporation that is covered by and subject to the overtime requirements of the FLSA.

10. During each of the three years prior to this complaint being filed, Club Car Wash was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

11. During each of the three years prior to this Complaint being filed, Defendant regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

12. The businesses and business locations operated by Club Car Wash during the last three years are located in multiple states.

13. During each of the three years prior to this complaint being filed, Defendant conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

14. During each of the three years prior to this Complaint being filed, Defendant's employees used or handled goods, tools, equipment, or materials that traveled in interstate commerce; that is, goods, tools, equipment, or materials that were grown, made or manufactured outside the state of Missouri.

## Plaintiffs' Claims

15. Club Car Wash was legally required to pay Plaintiffs and their similarly situated salaried maintenance technician co-workers ("Similarly Situated Workers") overtime pay for all

hours worked over 40 in any workweek.

16. Plaintiffs worked over 40 hours in most, if not all workweeks that they worked for Club Car Wash.

17. Similarly Situated Workers worked over 40 hours in many, if not all workweeks that they worked for Club Car Wash.

18. Club Car Wash did not pay Plaintiffs overtime premiums for any of the overtime hours that they worked for the Defendant. Similarly, Club Car Wash did not pay the Similarly Situated Workers overtime premiums for any of the overtime hours they worked for Club Car Wash.

19. Bartels is, according to Club Car Wash's website, the "Owner" of Club Car Wash. Bartels has the power and ability to control the manner in which maintenance technicians are paid, i.e., a salary with no overtime pay. Bartels exercised that power either directly or through his designee(s). Bartels is an "employer" under the FLSA and is individually liable for the damages owed to the Plaintiffs and their coworkers.

20. Club Car Wash had full knowledge of its obligation under the FLSA to pay overtime to its workers, both by virtue of having been in business for many years and more particularly because its CEO Ahmed Jafferally had personally been sued for FLSA overtime violations in three lawsuits arising out of workers at car wash companies.

21. Club Car Wash thus knowingly misclassified the Plaintiffs and their co-workers as exempt employees in order to try to avoid paying overtime to those individuals. In addition to wrongfully taking money and benefits from their employees, Defendants' intentional and knowing actions allowed Club Car Wash to gain an unfair advantage over its competition in the marketplace.

22. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to Plaintiffs and Similarly Situated Workers. Such practices have occurred in the past and are currently occurring with regard to the Similarly Situated Workers, a clear violation of the FLSA.

## Cause of Action

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

23. Defendants violated the FLSA by failing to pay Plaintiffs and Similarly Situated Workers overtime pay for hours worked over 40 per workweek.

24. Plaintiffs and Similarly Situated Workers have suffered damages as a direct result of Defendants' illegal actions.

25. Defendants are liable to Plaintiffs and all Similarly Situated Workers for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

## Collective Action Allegations

26. Club Car Wash's failure to pay its employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Similarly Situated Workers; that is, paying non-exempt maintenance technicians on a salary basis with no overtime pay. This generally applicable policy is prohibited by the FLSA. Plaintiffs' experience is typical of the experiences of the Similarly Situated Workers.

27. The class of Similarly Situated Workers is properly defined as:

> **All maintenance technicians who are/were employed by and paid on a salary basis by Defendant Club Car Wash during the three-year period preceding the filing of this Complaint.**

## Defendant, Jurisdiction, and Venue

28. Defendant Club Car Wash Operating, LLC is a Delaware Limited Liability Company and an "employer" as defined by the FLSA. Club Car Wash may be served through its registered agent, Roland S. Bartels, at 1591 E. Prathersville Rd., Columbia, MO 65202, or wherever he may be found.

29. Defendant Roland S. Bartels may be served with process at 1591 E. Prathersville Rd., Columbia, MO 65202, or wherever he may be found.

30. This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants reside within this judicial district.

## Demand for Jury

31. Plaintiffs demand a trial by jury.

## Prayer for Relief

WHEREFORE, Plaintiffs and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons employed as maintenance technicians by and paid on a salary basis by Club Car Wash Operating, LLC during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendants for an amount equal to Plaintiffs' and the Similarly Situated Workers' unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendants that Club Car Wash's violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and
8. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
*Pro hac vice* admission anticipated
TBA No. 03316860
jbuenker@buenkerlaw.com
P.O. Box 10099
Houston, Texas 77206
713-868-3388 Telephone
713-683-9940 Facsimile


**LAW OFFICE OF ANTHONY MEYER LLC**

*/s/ Anthony J. Meyer*
Anthony J. Meyer
MO Bar No. 71238
anthony@anthonymeyerlaw.com
103 Ripley Street
Columbia, Missouri 65201
573-860-0342 Telephone

**ATTORNEYS FOR PLAINTIFFS**