Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
JEFFERSON CITY DIVISION

| | | |
|---|---|---|
| David Moser and Richard Adams, Individually and On Behalf of All Similarly Situated Persons,<br>    Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. 2:24-cv-4058 |
| Club Car Wash Operating, LLC and Roland S. Bartels,<br>    Defendants. | § | JURY DEMANDED |

## DECLARATION OF JOSEF F. BUENKER

I, Josef F. Buenker, declare, under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following facts are true and correct:

1. I am an attorney with The Buenker Law Firm ("BLF") representing the Plaintiffs in this matter and am personally familiar with the work I did in this litigation and with the settlement entered into by the parties and the calculation of the overtime damages being claimed and to be paid under the settlement.

2. I submit this declaration to provide the Court with information concerning the fee lodestar and litigation expenses incurred by BLF during the litigation, as well as to explain to the Court the calculation of damages to the Plaintiffs and class members and the distribution of the settlement funds.

### Education and Experience

3. I am a licensed attorney with my office in Houston, Texas, but I regularly handle FLSA litigation around the country. I graduated from the University of Houston Law Center in 1989 and have been a member of the Texas Bar since 1989. More than 90% of my practice is dedicated to the practice of employment law, in the specific area of wage and hour and overtime law, and I have been practicing in the area of civil litigation since 1989.

1

4. Since I began representing plaintiffs in FLSA cases in 2004, I have filed hundreds of cases both on behalf of individual plaintiffs and on a collective basis. I have tried approximately 20 FLSA cases to verdict and have made successful recoveries for thousands of workers. For example, I was counsel in *Tillis v. Global Fixture Svcs.*; 4:19-cv-1059; US Dist. Ct, Southern District of Texas (101-member FLSA collective action that settled for $525,000); *Thompson v. Rhombus Services, LLC*; 2:22-cv-1244; US District Court for the Eastern District of Pennsylvania (695-member FLSA collective action that settled for $1,180,000); *Rodwell v. Done Right Merchandising, Inc.*; 3:22-cv-358; US District Court for the Western District of North Carolina (229-member FLSA collective action that settled for a confidential amount); and *Kelly, et. al. v. J&J Service Solutions, LLC*; 2:23-cv-2854; US District Court for the Eastern District of Pennsylvania (131-member FLSA collective action that settled for $505,000). Other attorneys who practice wage & hour law regularly consult me for advice and assistance in prosecuting their cases.

## Explanation of Settlement Calculations and Distribution

5. Defendants' counsel produced to Plaintiffs' counsel comprehensive information regarding the work performed by and wages paid to each Plaintiff and potential opt-in who is similarly situated for the 3 years prior the filing of this lawsuit. There are no time records for the Plaintiffs or for the potential collective opt-ins. Defendants thus produced to Plaintiffs' counsel very detailed GPS records (Plaintiffs and their co-workers drove company-owned vehicles with GPS) for the Plaintiffs and potential opt-ins for the 3-year period.

6. We used the GPS data and information received from the Plaintiffs regarding work they performed before and after they drove Defendants' vehicles each day and created a spreadsheet that used the estimated hours worked and pay received by each Plaintiff and potential opt-in in each week to determine a reasonable settlement amount. The hotly contested issue in the settlement negotiations was the average number of hours worked each week because pay was established by

2

Defendant's records.

7. I spoke with the Plaintiffs in this case regarding their work. These individuals generally stated that they normally worked between 10 and 12 hours per day. They also stated that there were times that they worked 8 hours or less in a day. Based on these interviews, the gross settlement we obtained based on an average of 60 hours per week (20 hours of overtime), with a **NET** recovery to each individual participating in the settlement based on 51.6 hours per week (11.6 overtime hours per week) is an excellent result for the Plaintiffs.

8. The final settlement number of $600,000 is just below an overtime calculation based on a presumption that every Plaintiff and potential settlement participant worked 60 hours every week that they worked for the Defendant. Importantly, the settlement calculations, negotiations, and final settlement are/were all based on a three-year limitations period, that is, for the three-year period prior to the date that each individual Plaintiff joined the lawsuit. The final sum being offered or paid to each individual after attorneys' fees and costs and out-of-pocket administrative expenses is a proportionate reduction of the calculations resulting in the $600,000 settlement total. Each settlement participant will receive their proportional share of the settlement funds, based on their tenure, overtime hours worked, based on a three-year limitations period as opposed to the FLSA's presumptive two-year period.

9. The individual awards to the Plaintiffs are fairly and reasonably calculated because there was not much variance among the Plaintiffs other thana their tenures. The calculations on which the awards are based most reasonably reflect what each person would be owed under the FLSA based on a three- year limitations period, based on the number of hours that they worked and the amount that they were paid.

### Hourly Rates

10. I work exclusively on a contingency fee basis in wage & hour cases, and do not send

3

clients legal bills or charge them an hourly rate. Instead, I submit an application for reasonable and necessary fees after my client prevails in a trial or, when required by the Court, in support of the award of a fee arising from a settlement. Based on my experience practicing law for over 35 years and the considerable experience I have in wage & hour litigation, believe that a reasonable hourly rate for my time would be no less than $550. I have been awarded fees based on an hourly rate as high as $780 in the past.

### Hours Spent and the Resulting Fee Lodestar

11. I use my firm's billing system to contemporaneously record each case-related activity and the amount of time spent performing the activity in six-minute increments. These contemporaneous time records can be promptly provided to the Court upon request.

12. From the inception of this action through December 11, 2024, I have spent 112.9 hours and incurred a total fee lodestar of $62,095.

### Expenses

13. To date, BLF has incurred a total of $4,858 in expenses in connection with this litigation. These expenses were paid for filing and mediation fees and travel costs related to the mediation in this case.

**I HEREBY DECLARE, UNDER PENALTY OF PERJURY AND PURSUANT TO 28 U.S.C. § 1746, THAT THE ABOVE FACTS ARE TRUE AND CORRECT:**

_____12/16/2024_____  
Date

_____Josef F. Buenker_____