# Exhibit 3

## DECLARATION OF DOUGLAS B. WELMAKER

1. My name is Douglas B. Welmaker. I am above 18 and I have personal knowledge of the facts set forth in this affidavit and they are true and correct.

2. I received my B.A. in English from the University of Texas at Austin and I am a 1993 Graduate of the South Texas College of Law in Houston Texas, where I graduated in the top 15% of my class. I was an Assistant Editor of the South Texas Law Review, a member of the Order of the Lytae, and received the American Jurisprudence Award in Torts I.

3. I am an attorney licensed to practice law in the State of Texas, before the United States District Court for the Northern, Southern, Eastern and Western Districts of Texas, the United States District Court for the District of New Mexico, the United States District Court for the Western District of Nebraska, the United States District Court for the District of North Dakota, the United States District Court for the Western District of Missouri and the Fifth Circuit Court of Appeals.

4. I was formerly a member of the National Employment Lawyers Association (NELA) where I served on the Ethics and Sanctions Committee, and I am currently a member of the State Bar of Texas as well as the Texas Employment Lawyers Association (TELA).

5. I have been a practicing attorney for 31 years. I focus my practice on representing workers in failure to pay overtime litigation, both individually and in class actions/collective action litigation. I have been litigating and trying labor and employment lawsuits in state and federal courts in Texas since 1993. I have tried multiple cases to verdict in federal court, representing both plaintiffs and defendants in various types of matters, and have tried multiple arbitrations to verdict in both Washington DC and in San Juan, Puerto Rico. For the last fifteen years (and for the last eleven exclusively) I have been engaged solely in wage and hour litigation, including both individual, class and collective actions. I regularly represent plaintiffs in FLSA litigation in the United States Federal District Courts in the Northern, Southern, Eastern and Western Districts of Texas, as well as in New Mexico, North Dakota.

6. I have tried at least 12 FLSA cases to verdict on both sides of the docket, in venues across Texas, in Puerto Rico, and in Washington DC, and recently settled a hybrid class/collective action lawsuit in New Mexico for $1.2 million in *Golden v. Quality Life Services, LLC* CA 22-579-GJF/GBW.

7. The following is a representative sample of some of the most recent class and/or collective action cases in which I have been counsel– all of which involved minimum wage and/or overtime claims. In California: *Westmorlan v. Merlin Global Services, LLC et al* (S.D. Cal. 3:21-cv- 00970-BEN-MSB) (class and collective certified). In New Mexico: *Golden v. Quality Life Services, LLC* CA 22-579-GJF/GBW (class action certified) *Hawthorn et al v. Fiesta Flooring, LLC*, et al – D.N.M. 2020, 1:19-CV-00019-WJ-SCY). In North Dakota: *Fenlon v. Nickelback Transport, Inc.* (N. Dakota 2022, CA No. 1:19-cv-00142) and currently in litigation: *Miller v. Bell Energy Services, LLC, et al* (N. Dakota 2024, CA No. 1:23-cv-00051 CRH). In Indiana: *Cooper v. Intact*

*Professional Services*, 4:23-cv-00140-SEB-KMB (S.D. Indiana 2024). In Texas: *Limon v. Lala Healthcare Solutions, LLC et al*, (E.D.Tex. 2022, CA-4:2021-cv-00132); *Scott et al v. MUY Pizza Tejas, LLC et al*, (W.D.Tex. 2019, CA 5:18-cv-01187-OLG); *Smith v. MV Transportation, Inc.* (W.D.Tex. 2022, CA: 1:2021-cv- 00349); *Miller v. MV Transportation, Inc.* (W.D. Tex. 2020, CA: 1:18-CV-00538-RP); *Lo v. XPO Logistics SC-Texas, LLC et al* (N.D. Tex. 2020, CA: 4:17-cv-674).

8. I have also interviewed both the Named Plaintiffs as well as multiple fact witnesses and reviewed all of the relevant documentation and pleadings in this case, and the case file. Since filing this case, both Mr. Buenker and I have spent a significant amount of time and effort prosecuting this case, drafting pleadings, reviewing and analyzing all client produced documentation and all documentation produced by Defendant, and preparing for and mediating this case, and preparing the motions to approve and the notice to the class.

9. To date, I have spent 86.15 hours on this case, and I estimate that I will spend approximately 20 more hours handling any and all issues that arise in conjunction with the approval process.

10. My representation agreement (the agreement) and my co-counsel agreement – both signed by the Representative Plaintiffs – is on a contingent fee basis. Payment has always been contingent on a successful recovery for Representative Plaintiffs and the class. Under the terms of the agreement, I would receive no fees for the time spent on this case if Plaintiffs did not prevail.

11. Under the agreement, if there is any recovery at this stage of the litigation, all attorney's fees would be equal to 40% of the total recovery of the common fund to the class. As part of settlement, Mr. Buenker and I agreed to reduce the total recovery to 33% of the common fund to the class.

12. I have received no compensation for any of the hours worked on this case thus far nor for any expenses advanced in this litigation.

13. Reviewing all of the pleadings filed in the Court's docket sheet as well as my billing records and the billing records of Mr. Buenker reflects that all time spent in this matter was absolutely necessary to successfully prosecute this matter, and also reflects the novelty and difficulty of the questions involved and the skill requisite to perform the legal service properly.

14. I took on this litigation with the understanding that it was to the preclusion of other cases that I might be fit to accept. All the work performed in this case has been necessary and prudent work for professional representation in the prosecution of this suit – based upon my review or actual participation.

15. While this matter is not a lodestar case, I have regularly been awarded between $500 to $580 in hourly fees where a lodestar fee has been appropriate. For example, on May 11, 2020, Judge Nelva Gonzales Ramos approved my then rate of $500 an hour in *Carranza v. Cirlos*, 2:18-cv-419 (S.D. Tex. 2020), Dkt. 36. On May 27, 2021, Judge David Counts approved my then rate of $525.00 (Dkt. 23), pursuant to Magistrate Ronald C. Griffin's Report and Recommendation (Dkt. 21) in *Garcia v. Grist*, et al, 7:20-cv-093-DC. Magistrate Toliver also approved my then hourly rate of $525 on January 10, 2022 in *Hardy v. SDM Hospitality, LLC*, 20-CV-3157-S-BK,

Dkt. 11. Almost exactly one year ago, Arbitrator Dennis Clifford approved an hourly for me at $585.00 in a series of arbitrations in San Juan, Puerto Rico. *Basulto v. Mammoth Energy Services, Inc., et al*, Arbitration Nos. 21:A-001 through 21:B-043.

I declare under penalty of perjury under the laws of the State of Texas and the United States of America that the foregoing is true and correct.

December 16, 2024

_____
Douglas B. Welmaker